J. Curtis Edmondson, CSB# 236105
Keith Pitt, CSB #254901
Darian Stanford, (Pro Hac Vice Pending)
Slinde Nelson Stanford
111 Southwest 5th Avenue, Suite 1940
Portland, OR 97204
Phone: 866-280-7562
Email: jcedmondson @slindenelson.com
Web: www.slindenelson.com

Attorney for Defendant JOHN DOE 76.126.99.126

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC | ) Case No.: 3:15- cv-04441-WHA |
| Plaintiff, | ) |
|  | ) AFFIRMATIVE, DEFENSES, TO THE |
| vs. | ) AMENDED COMPLAINT of JOHN |
|  | ) DOE subscriber assigned IP address |
| JOHN DOE subscriber assigned | ) 76.126.99.126; and COUNTER CLAIM |
| IP address 76.126.99.126, | ) |
| Defendant | ) |
| . | ) |

COMES NOW, the Defendant, JOHN DOE subscriber assigned IP address 76.126.99.126, (".126" or "Defendant" or "JOHN DOE"), by and through its counsel of record, hereby answers Plaintiff Malibu Media, LLC dba X-ART.COM Amended Complaint ("Amended Complaint"), on the grounds and praying for the relief hereinafter set forth and further files these counter-claims:

## Introduction

1. With regard to paragraph 1 it is introductory in nature and requires no response.

2. With regard to paragraph 2, denied.

3. With regard to paragraph 3, Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

## Jurisdiction and Venue

4. With regard to paragraph 4, admitted.

5. With regard to paragraphs 5-6, Defendant has insufficient knowledge to admit or deny the allegations set forth in regards to tracing technology regarding the IP address and therefore denies them. Defendant denies all allegations of copyright infringement or that Defendant committed any tortious conduct..

7. With regard to paragraphs 7, Defendant admits that he resides in the Northern District of California, and therefore venue is proper. All other allegations contained in paragraph 7 are denied.

## Intradistrict Assignment

8. With regard to paragraph 8, the orders of this Court are subject to judicial notice.

## Parties

9. With regard to paragraph 9, Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

10. With regard to paragraph 10, Defendant admits.

11. With regard to paragraph 11, Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

### Factual Background

10. With regard to paragraphs 12-26, the Defendant has insufficient knowledge to admit or deny the allegations set forth in these paragraphs, and therefore denies them.

### Miscellaneous

11. With regard to paragraph 27, Plaintiff's statement regarding "conditions precedent" does not appear to make sense without stating what the conditions are, therefore, Defendant will deny.

12. With regard to paragraph 28, Defendant has no knowledge as to whether Plaintiff pays his counsel or not - but common sense dictates that they get paid for what they do.  Defendant is not in a position to admit or deny this allegation, so therefore will deny.

### Count 1
### Direct Infringement against Defendant

23. All responses, paragraphs 1-28 in this answer, are incorporated by reference and realleged in response to Paragraph 29.

24.  With regard to paragraph 29, Defendant has no knowledge of ownership of the "Copyrights-in-Suit", so therefore will deny.

25. With regard to paragraph 31, Defendant denies.

26. With regard to paragraph 32, Defendant denies.

27. With regard to paragraphs 33(A)-(D), Defendant denies.

28. With regard to paragraphs 34, Defendant denies.

### Response to the Prayer

29. Defendant respectfully denies the allegations in Plaintiff's Prayer for Relief, ¶¶(A)-(F).

<u>Response to Jury Trial Demand</u>

30. Defendant agrees to a Jury Trial.

## **AFFIRMATIVE DEFENSES**

31.     Plaintiff's claims are barred under the doctrine of laches, in that Plaintiff was aware of harm, for at least two years notice prior to making a claim and had an adequate remedy to prevent further alleged infringements, if any.

32.     Plaintiff's claims are barred by the grant of an actual or implied license granted to the Defendant.

33.     Plaintiff's claim are barred under the doctrine of limited abandonment of the viewing right.

34.     Plaintiff's claims are barred by the doctrine of lack of standing.

35.     Plaintiff's claims are barred under doctrine of inequitable conduct before the Copyright Office.

36.     Plaintiff's claims are barred under the statutory defenses provided for under 17 USC 107.

37.     Plaintiff's claims are barred under the first sale doctrine, 17 USC 109.

38.     Plaintiff's claims are barred under 17 USC 1202(a).

39.     Plaintiff's claim of statutory damages may be subject to apportionment across joint infringers.

40.     Plaintiff's claims are barred under the doctrine of copyright misuse.

41.     Plaintiff's claims fail failing to join indispensable parties.

42.     Defendant reserves the right to amend these affirmative defenses up until and during trial.

## **COUNTERCLAIM OF DEFENDANT JOHN DOE**

COUNT 1 - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

43. On good faith and belief, www.x-art.com, is the owner and distributor of the films that are the subject of this lawsuit.

44. Defendant has not downloaded any of the alleged films.

45. Defendant denies downloading the films and hired an independent forensics expert to inspect his computer hard drive.  The result of this inspection confirms the fact that Defendant did not download the files at issue ("FAI").

46. A case and controversy now exists regarding the allegations of Defendant downloading the allegedly infringed films.

47. Defendant wishes that this Court issue a declaration of non-infringement.

//
//
//

**DEFENDANT'S PRAYER FOR RELIEF**

Defendant respectfully prays and judgment entered as follows:

A. That Plaintiff's claims for infringement be denied in their entirety and take nothing;

B. Defendant is the prevailing party under the Copyright Act;

C. Defendant be entitled to statutory attorney fees under the Copyright Act;

D. Defendant be entitled to costs of suit; and

E. That a declaration be issued that Defendant did not infringe the works of Malibu Media.

F. Further that the Defendant be entitled to any other relief that this Court may allow.

Respectfully submitted,

Dated: April 26, 2016 /s/ J. Curtis Edmondson
Slinde Nelson Stanford
111 Southwest 5th Avenue, Suite 1940
Portland, OR 97204
Phone: 866-280-7562
Email: jcedmondson @slindenelson.com
Web: www.slindenelson.com