Brian Heit (SBN: 302474)
Brenna E. Erlbaum (SBN: 296390)
**HEIT ERLBAUM, LLP**
6320 Canoga Avenue
15th Floor
Woodland Hills, CA 91367
[phone]: (855) 231.9868
Brian.heit@HElaw.attorney
Brenna.Erlbaum@HElaw.attorney
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br>  Plaintiff, <br><br> vs. <br><br> JOHN DOE subscriber assigned IP address 76.126.99.126, <br><br>  Defendant. | Case Number: 3:15-cv-04441-WHA <br><br> **PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM [CM/ECF 41]** |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

**I.    INTRODUCTION**

Defendant's Counterclaim for Declaratory Relief fails as a matter of law and should be dismissed. Defendant's Counterclaim is repetitious and unnecessary because it merely restates issues that are already before this Court; namely, whether Defendant is liable for the alleged infringement. Numerous courts have dismissed counterclaims that are, in truth, answers or defenses since they are not independent pieces of litigation. For these reasons, as explained more fully below, the Court should dismiss Defendant's counterclaim.

## II. LEGAL STANDARD

"A Rule 12(b)(6) motion tests the sufficiency of the complaint." *Johnson v. Homecomings Fin.*, 2012 WL 1357675, at *1 (S.D. Cal. 2012) citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must allege 'enough facts to state a claim to relief that is plausible on its face." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). "A claim has facial plausibility when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. A party must allege sufficient factual matter to nudge its claims across the line from conceivable to plausible. *See Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974 (2007). "Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory . . . Alternatively, a complaint may be dismissed where it . . . fails to plead essential facts under that theory." *Hennington v. F.B.I.*, 2009 WL 69313, at *2 (S.D. Cal. 2009) citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).

## III. ARGUMENT

Defendant's counterclaim fails and should be dismissed as an inappropriate "repackaging" of his denial of infringement. Specifically, Defendant's Counterclaim states:

43. On good faith and belief, www.x-art.com, is the owner and distributor of the films that are the subject of this lawsuit.

44. Defendant has not downloaded any of the alleged films.

45. Defendant denies downloading the films and hired an independent forensics expert to inspect his computer hard drive. The result of this inspection confirms the fact that Defendant did not download the files at issue ("FAI").

46. A case and controversy now exists regarding the allegations of Defendant downloading the allegedly infringed films.

47. Defendant wishes that this Court issue a declaration of noninfringement.

*See* Defendant's Answer and Counterclaim, CM/ECF 41 at *5.

Defendant's counterclaim is nothing more than a denial and should be dismissed because it adds nothing more to the lawsuit. "The Declaratory Judgment Act gives the Court the authority to declare the rights and legal relations of interested parties, but not a duty to do so." *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *2 (N.D. Cal. 2008). Thus, "if a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before ... dismissing the action." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137 (1995).

"Federal courts do not have a duty to grant declaratory judgment; therefore, it is within a district court's discretion to dismiss an action for declaratory judgment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008). Accordingly, "[n]umerous courts have used that discretion to dismiss counterclaims . . . where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." *Stickrath*, 2008 WL 2050990, at *3; s*ee e.g. Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 852 (N.D. Ill. 1990) (dismissing a counterclaim that mirrors an affirmative defense because "[i]t adds nothing to the pleadings … already put before this Court."); *Arista Records LLC v. Usenet.com., Inc.*, 2008 WL 4974823 (S.D.N.Y. 2008) (dismissing counterclaims that "add nothing to the affirmative defenses" and "do not present an independent case or controversy that would survive a dismissal of Plaintiff's infringement claim."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated… [.]").

This rule is founded on sound policy because otherwise Plaintiff would have to answer a declaratory action denying everything and referring back to the complaint. Also, it would confuse a jury if the matter proceeds to that stage. Moreover, the declaration is simply unnecessary. If

1  Defendant wins at trial, the jury's verdict will find him not liable and validate either the denial of
2  liability or affirmative defenses already pleaded.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court dismiss Defendant's counterclaim.

Respectfully submitted,

HEIT ERLBAUM, LLP

By: /s/ Brian Heit
BRIAN HEIT, ESQ

Attorney for Malibu Media, LLC
E-mail: Brian.heit@HElaw.attorney