J. Curtis Edmondson, CSB# 236105
Venture Commerce Center
3699 NW John Olsen Place
Hillsboro, OR 97124
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson @edmolaw.com

Attorney for Defendant  JOHN DOE IP address 76.126.99.126

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MALIBU MEDIA, LLC | Case No.: 3:15-cv-04441-WHA |
| Plaintiff, | OPPOSITION TO THE MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM |
| vs. | |
| | Opposition Due: June 7, 2016 (Dckt 45) |
| JOHN DOE subscriber assigned IP address 76.126.99.126 | |
| | Hon. William Alsup |
| | Hearing Date: Thursday, June 16, 2016 |
| Defendant | Hearing Time: 8:00 am |

# OPPOSITION

## I. INTRODUCTION

It is an established practice in IP litigation for a party accused of infringement to counter-claim for non-infringement and/or invalidity of the copyright, patent and/or the trademark being asserted.

An example of this practice is frequently seen by this Court by way of example: *Oracle vs. Google* (2010) ND CA 3:10-cv-03561-WHA. In *Oracle*, Google made a simple and direct counterclaim for a declaratory relief of non-infringement of the Oracle copyrights:

> **COUNT FIFTEEN**
>
> **Declaratory Judgment of Non-Infringement of the Asserted Copyrights**
>
> 97. Google restates and incorporates by reference its allegations in paragraphs 1-96 of its Counterclaims.
>
> 98. An actual case or controversy exists between Google and Oracle as to whether the Asserted Copyrights are infringed by Google.
>
> 99. A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the Asserted Copyrights.
>
> 100. Google has not infringed and does not infringe, directly or indirectly, the Asserted Copyrights.

Id. at Dckt 51, pg 29.

Defendant' counterclaim that is likewise as straightforward as Google's. As such, the Court should deny Plaintiff's motion.

## II. FACTUAL SUMMARY

Plaintiff monetizes their copyrights via mass tort litigation. Plaintiff's litigation model is to file a complaint, then seek a settlement that is below the litigation cost of defense. Less than 1% of the cases filed by Plaintiff have gone to trial. This business model must work. Plaintiff continues to file 100-200 lawsuits *en masse,* in numerous judicial districts.

Defendant in this matter has been accused of downloading in excess of 50 films over a period exceeding two years. Plaintiff did not actually observe the Defendant downloading the films, rather Plaintiff has deduced this inferentially from proprietary software that located overseas. (See Complaint).

Defendant appeared, filed an answer, then a cross complaint for Declaratory Relief. Plaintiff did not timely answer the counterclaims, rather sought an extension of time to appear. Defendant, in good faith, granted that extension assuming that Plaintiff and Defendant would file an answer to the counterclaim and move the case forward. Defendant was wrong.

## III. ARGUMENT

A. <u>*Wilton* supports Defendant's position. The Court has broad discretion to permit a Declaratory Relief counterclaim.</u>

Plaintiff argues *Wilton v. Seven Falls Co* (1995) 515 U.S. 277, 288 is applicable to support dismissal. (Motion at 3.) *Wilton* involved the unusual situation where the District Court entered a stay of its proceedings while a parallel state court proceed on identical issues. The holding of *Wilton* focused on the abstention doctrine, not a case involving infringement issues.

What is true is that in an action for declaratory relief of non-infringement, the cross complaint for infringement is compulsory and dismissal of such is an abuse of discretion. *Vivid Tech. v. American Science* ( 1999) 200 F.3d 795,802. This situation is simply the mirror image of *Vivid*. For this reason IP litigators err on the side of caution and seek a declaratory judgment of non infringement when infringement is asserted.

### B. *Courts do not routinely dismiss Copyright Infringement declaratory relief counterclaims*

Plaintiff cites to an unpublished case for the argument that "..[n]umerous courts have used that discretion to dismiss counterclaims..." (Motion at 3, citing to *Stickrath*). This is untrue, District Courts often entertain declaratory relief cross complaints for copyright infringement that incorporate certain affirmative defenses. See *Apple Inc. v. Psystar Corp.,* (9th Cir., 2011) 658 F.3d 1150,1154.

Further, there is no evidence that any jury has been confused by declaratory relief counterclaims for either patent infringement or copyright infringement.

### C. *Leave to amend should be granted in the event the counterclaims are deficient*

In the event the Court finds Defendants counterclaims deficient, leave to amend is respectfully requested in the event the Court agrees that the factual pleadings are insufficient under *Twombly/Iqbal.*

## IV. **CONCLUSION**

Granting this motion would be a departure from what has become standard intellectual property pleading practice when claims of infringement are made.

Defendant therefore respectfully requests that this Court deny Plaintiff's motion to dismiss Defendant's counterclaim.

Respectfully submitted,

Dated: June 7, 2016

/s/ J. Curtis Edmondson
J. Curtis Edmondson (CASB #236105)
LAW OFFICES OF J. CURTIS EDMONDSON
3699 NW John Olsen Place
Hillsboro, OR 97124
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson @edmolaw.com