IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, | No. C 15-04441 WHA |
| Plaintiff, | |
| v. | |
| JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.126.99.126, | **ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM** |
| Defendant. | |

## INTRODUCTION

In this copyright infringement action, the copyright owner moves to dismiss the accused infringer's counterclaim for declaratory judgment of non-infringement. For the reasons stated below, the copyright owner's motion is **DENIED**.

## STATEMENT

Plaintiff Malibu Media, LLC, made and distributed pornographic videos on a subscription-based website. It has filed 178 copyright infringement actions in our district in the past year. In the interest of judicial economy, all of Malibu Media's actions in this district were assigned to the undersigned judge.

In each of its complaints, Malibu Media named an individual identified only by his or her Internet Protocol address, which is an identifier assigned to each Internet subscriber by the subscriber's Internet service provider. Here, defendant is named as John Doe Subscriber Assigned IP Address 76.126.99.126. As with all of its other cases, Malibu Media contends that

defendant used his Internet connection to download and distribute numerous of its copyrighted works using a file-sharing protocol called BitTorrent. Here, Malibu Media accuses defendant of infringing 23 works.

The BitTorrent protocol called for splitting large files, such as Malibu Media's videos, into many smaller pieces. Once a file was broken down into those pieces, users of the protocol could then copy and share the pieces of the larger file with each other, and once a user received all of the pieces of a given file, each of which may have come from a different user, software (called a BitTorrent "client") on the user's computer reassembled the pieces into a complete file. This scheme facilitated an efficient and decentralized distribution scheme as compared to sharing a single large file from a single host site.

Malibu Media hired IPP International UG, which utilized the BitTorrent protocol to download several of Malibu Media's own files from the Internet. IPP monitored the IP addresses of the distributors of each piece of each file it received. Malibu Media alleges that IPP received at least one piece of each of 23 individual videos from the above-captioned IP address.[1]

Malibu Media seeks statutory damages of at least $17,250 for defendant's alleged infringement of twenty-three videos ($750 per work), with a potential for much greater liability if infringement is found to be willful or if the jury finds Malibu Media is entitled to damages on the higher end of the range provided by statute.

In his answer, defendant, who is represented by Attorney Joseph C. Edmonson, filed a counterclaim for declaratory judgment of non-infringement, which mirrors his denial of liability for Malibu Media's affirmative claim of infringement. Malibu Media now moves to dismiss defendant's counterclaim. This order follows full briefing and a properly-noticed hearing at which neither side appeared, although the case was called and held over until the end of the calendar in case counsel arrived late.

---

[1] In the more recent wave of cases filed in this district, Malibu Media hired Excipio GmbH to conduct the investigation.

2

**ANALYSIS**

Malibu Media argues that defendant's counterclaim merely repackages his denial of infringement and thus should be dismissed. It cites various decisions noting that the Court has no duty to declare the rights and legal relations of interested parties and that the Court discretion to dismiss counterclaims that are mirror images of the claims. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008).

Malibu Media is correct that defendant's counterclaim is duplicative of his denial of liability (indeed, defendant's answer to Malibu Media's affirmative claim incorporates-by-reference the allegations of defendant's counterclaim and otherwise denies all allegations). Malibu Media is also correct that the district court has discretion to dismiss defendant's counterclaim. Nevertheless, Malibu Media's practical arguments for why the undersigned should exercise that discretion here are unpersuasive.

Malibu Media argues that permitting defendant's counterclaim to proceed would require it to file an answer in which it would deny all the allegations and refer back to the complaint. This will, however, impose a negligible burden. Malibu Media also contends the declaratory judgment counterclaim would confuse a jury. Not really, however, a jury would never need to know that the case involves an affirmative claim of infringement and a declaratory judgment counterclaim of non-infringement. The jury could render one verdict resolving both claims. Malibu Media will suffer no prejudice.

Malibu Media's motion seems more like a gimmick designed to allow it an easy exit if discovery reveals its claims are meritless. Section 505 of Title 17 of the United States Code provides that a "prevailing party" may be awarded attorney's fees in a copyright infringement action; however, when a copyright plaintiff voluntarily dismisses a claim without prejudice, the defendant is not a prevailing party. *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009). Absent defendant's counterclaim, if events reveal that this case is meritless, Malibu Media could voluntarily dismiss its affirmative claims without prejudice under Rule 41(a)(2), seeking to avoid an award of attorney's fees. If, however, defendant's counterclaim remains alive, he will be able to press his counterclaim.

A motion to voluntarily dismiss at this stage would only be granted "on terms the court considers proper," of course, but a defendant can be rightly concerned over the possibility that a plaintiff might dodge an attorney's fee award in a meritless case. A defendant might thus put its own counterclaim in play.

As Judge Otis Wright stated in *Malibu Media, LLC v. John Does 1 through 10*, 12-3632, 2012 WL 53832304, at *3–4 (C.D. Cal. June 27, 2012):

> The Court is familiar with lawsuits like this one. These lawsuits run a common theme: plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff. The cost to the plaintiff: a single filing fee, a bit of discovery, and stamps. The rewards: potentially hundreds of thousands of dollars. Rarely do these cases reach the merits.
>
> The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial. By requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement — making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it.

Many judges have echoed Judge Wright's concerns about the a "troubling pattern" of abuse with regard to Malibu Media and other owners of copyrights in pornographic videos. *See, e.g.*, *Malibu Media LLC v. Austen Downs*, No. 14-707 (S.D. Ohio May 26, 2015) (Judge Timothy Black); *Hard Drive Prods., Inc. v. Does 1–90*, No. 11-03825 (ECF No. 18 at 11), 2012 WL 1094653, at *7 (N.D. Cal. Mar. 30, 2012) (Judge Howard R. Lloyd); *MCGIP v. Does 1–149*, No. 11-02331, 2011 WL 4352110, at *4 (N.D. Cal. Sept. 16, 2011) (Judge Laurel Beeler); *On the Cheap, LLC, v. Does 1–5011*, No. 10-4472, 2011 WL 4018258 at *11 (N.D. Cal. Sept. 6, 2011) (Judge Bernard Zimmerman); *SBO Pictures, Inc., v. Does 1–3,036*, No. 11-4220, 2011 WL 6002620, at *8 (N.D. Cal. Nov. 30, 2011) (Judge Samuel Conti).

Although Malibu Media has mitigated many of the defects identified by Judge Wright, including by proceeding "the old fashioned way" by suing each defendant in a separate action

4

and paying a separate filing fee each time, the vast majority of Malibu Media's cases have settled before or very shortly after the initial case management conference.

The damages exposure in this case, as with Malibu Media's many other cases, is significant, so a defendant may feel pressure to settle even a meritless case. Coupled with the taboo nature of the subject matter, there remains potential for abuse. The availability of attorney's fees should any defendant facing a lawsuit against Malibu Media prevail protects those, such as our defendant herein, who elect to challenge Malibu Media's case on the merits instead of accepting a nuisance-value settlement. Indeed, that may be the *only* factor motivating such defendants. *C.f. Ingenuity 13 LLC v. Doe*, Nos. 13-55859, 13-55880, slip op. at 13 (9th Cir. June 10, 2016) ("Without hope of receiving attorney's fees for defending sanctions on appeal, Doe and other victims of abusive litigation would be left with no remedy.").

Dismissing defendant's counterclaim would eliminate one avenue for a fee award, and, as stated, maintaining the counterclaim would cause no prejudice to Malibu Media. Accordingly, Malibu Media's motion is **DENIED**.

## CONCLUSION

For the reasons stated above, Malibu Media's motion to dismiss John Doe's counterclaim for declaratory judgment of non-infringement is **DENIED**.

**IT IS SO ORDERED.**

Dated:   June 20, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5