IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED<br>IP ADDRESS 76.126.99.126,<br><br>　　　　Defendant.<br> | No. C 15-04441 WHA<br><br>**ORDER DENYING MALIBU MEDIA'S MOTION FOR LEAVE TO SERVE FURTHER THIRD-PARTY SUBPOENA** |

**INTRODUCTION**

In this copyright infringement action involving alleged piracy of pornographic videos on the Internet, plaintiff seeks leave to serve a third-party subpoena *duces tecum* for deposition on defendant's Internet service provider and authorizing the release of certain subscriber information. For the reasons stated below plaintiff's motion is **DENIED** without prejudice to a motion seeking leave to serve a more narrowly-tailored subpoena. Additionally, this order awards defendant reasonable attorney's fees incurred in opposing this motion.

**STATEMENT**

Plaintiff Malibu Media, LLC, made and distributed pornographic videos on a subscription-based website. It has filed 186 copyright infringement actions in our district alone in the past year. In the interest of judicial economy, all of Malibu Media's actions in this district were assigned to the undersigned judge.

In each of its complaints, Malibu Media named an individual identified only by his or her Internet Protocol address, an identifier assigned to each Internet subscriber by the

subscriber's Internet service provider. Here, defendant is named as John Doe Subscriber Assigned IP Address 76.126.99.126. As with all of its other cases, Malibu Media contends that defendant used his Internet connection to download and distribute numerous of its copyrighted works using a file-sharing protocol called BitTorrent. Here, Malibu Media accuses defendant of infringing 23 works.

An order granted Malibu Media's prior request to serve a third-party subpoena on defendant's Internet service provider, Comcast Cable Holdings, LLC, seeking defendant's identity. Upon receiving defendant's identity, Malibu Media amended its complaint (under seal), then served defendant, who is represented by Attorney J. Curtis Edmondson.

After some motion practice, discovery, and an unsuccessful settlement conference before Judge Sallie Kim, Malibu Media now seeks leave to file a third-party subpoena *duces tecum* on defendant's Internet service provider, Comcast Cable Holdings, LLC. It seeks the following information:

> (a) Any and all document(s) that refers, relates to or comprises a record that the Defendant received a DMCA notice, pursuant to 17 U.S.C. 512(c)(1)(C), including but not limited to the DMCA record;[1]
>
> (b) Any and all document(s) that refers, relates to or comprises a record that the Defendant received a copyright infringement notice forwarded by Comcast, pursuant to any copyright infringement alert system or any other internal procedure which Comcast follows;
>
> (c) Any and all document(s) that refers, relates to or comprises a record that Comcast notified Defendant of the instant lawsuit;
>
> (d) Any and all document(s) that refers, relates to or comprises a record of Comcast's lease or rental of any electronic devices to Defendant. This includes any documentation which state [sic] the make, model number, and serial numbers of any and all modems and routers which Comcast leased to Defendant;
>
> (e) Any and all document(s) that refers, relates to or comprises a record of Comcast's policies and procedures regarding the installation and maintenance of passwords on a subscriber's modem or router;

---

[1] The DMCA is the Digital Millennium Copyright Act, and it requires Internet service providers to respond to infringement complaints by copyright owners by, *inter alia*, issuing notices to alleged infringers.

>   (f) Any and all document(s) that refers, relates to or comprises a record of Comcast's policies and procedures of correlating [I]nternet subscribers to IP addresses, and any information regarding the accuracy of such correlations[;]
>
>   (g) Any and all document(s) that refers, relates to or comprises a record that the Defendant was the [I]nternet subscriber assigned IP address 76.126.99.126 on August 20, 2015 at 19:35:34 UTC.

This order follows full briefing and oral argument. Additionally, following oral argument, the parties met and conferred to attempt to resolve defendant's concerns with the subpoena. They could not agree on all issues.

**ANALYSIS**

Comcast is a cable operator within the meaning of Section 522(5) of Title 47 of the United States Code. Pursuant to Section 551(c)(2)(B), Comcast cannot release documents and information about our defendant to Malibu Media unless except "pursuant to a court order authorizing such disclosure . . . ." Malibu Media moves for such an order now as part of its discovery.

Defendant contends that as to categories (a) and (b) (DMCA notices and records of defendant's receipt of copyright infringement notices), the subpoena is overbroad.[2]

Defendant first argues that because the subpoena identifies the subject of the subpoena as "John Doe Subscriber Assigned IP Address 76.126.99.126" rather than using defendant's actual name (in compliance with the protective order in this action), the subpoena may encompass documents and information with no relationship to our defendant. This is because Comcast uses dynamic IP addresses, meaning it reassigns IP addresses periodically to different subscribers. Thus, the IP address identified in our complaint might have been assigned to multiple individuals over time. Plainly, Comcast's information about the infringing activities

---

[2] Defendant also makes a general objection that the subpoena is disproportionate, inasmuch Malibu Media purportedly found no evidence of infringement on defendant's hard drives. In its reply, Malibu Media states that it has not completed examining defendant's hard drives and that it has found ample evidence of defendant's ongoing use of BitTorrent for, inter alia, pornography and that he has participated in online discussions containing Malibu Media's content. Malibu Media's description of its findings is unsworn attorney argument and defendant objects to that portion of Malibu Media's reply.

The absence of evidence of Malibu Media's films on defendant's hard drive may prove persuasive evidence for defendant on the merits, but regardless of the veracity of Malibu Media's statements describing other evidence of piracy, that does not warrant limiting Malibu Media's discovery efforts at this stage.

3

of *other* subscribers assigned who may have been assigned the above-captioned IP has no bearing here.

Malibu Media contends that Comcast, which is no doubt familiar with its prolific subpoena practices, knows that the information sought is intended to relate to the individual that Comcast identified in response to the first subpoena in this action (which, pursuant to a prior order, was limited to the time of the alleged infringement). This order will not allow Malibu Media to serve a poorly-drafted subpoena in reliance on assumptions about how Comcast will interpret the subpoena.

After the hearing on this motion, the parties met and conferred to attempt to agree on a redrafted subpoena. The parties agreed that the proposed subpoena should be amended to define "Defendant" as "the actual internet subscriber who [was] the 'John Doe' (e.g. paid subscriber) for IP address 76.126.99.126 on August 20, 2015 at 19:35:34 UTC" (The selected time is one of the dates of the accused infringement.) The proposed definition is appropriate, but Malibu Media should have included such a definition at the outset.

Malibu Media's proposed subpoena is also not limited as to time. At the hearing, counsel for Malibu Media agreed to limit the scope of the subpoena to the range between the first date of infringement through the last date of infringement. When the parties met and conferred, however, Malibu Media expanded the scope of its proposed amendment to include information through to the present, without explanation for that change.

At the meet-and-confer, counsel for defendant insisted that Malibu Media should only be entitled to information concerning the eight days surrounding the specific instances of accused infringement, because Comcast's assignments of dynamic IP addresses expire approximately every eight days. This order rejects that argument. Once the definition of "Defendant" discussed above is included, the problems posed by the possibility that Comcast might have reassigned the dynamic IP address as frequently as weekly will fall away. Comcast will provide responsive documents as to the *individual* assigned the accused IP address at a particular date and time, without regard to whether that same individual might have had a different IP address before or after that date. Nevertheless, Malibu Media's failure to place

*any* time limit on its proposed subpoena is unacceptable. If Malibu Media chooses to renew this motion, its proposed subpoena should be limited to the range between the first and last dates of infringement, or its motion should affirmatively explain the relevance and discoverability of information pertaining to a broader time frame, supported by authority and sworn evidence.[3]

Defendant also argues that Malibu Media's request for documents relating to DMCA and copyright infringement notices generally (as opposed to limited to Malibu Media's content) is overbroad because Malibu Media lacks standing to enforce copyrights it does not own. Defendant argues that any information about his alleged piracy of third-party content is not discoverable. Malibu Media responds that the existence of DMCA notices and other infringement notices sent to our defendant by Comcast would tend to show that defendant was aware that his Internet connection was being used for infringement and thus tends to disprove the theory (advanced by defendant) that the accused infringement was committed by an unauthorized user of defendant's Internet connection (because unauthorized use and infringement by another, after notice to defendant, would likely cause him to increase the security on his wireless Internet network). Malibu Media also contends that the existence of additional infringement notices would tend to establish that defendant has a pattern of use of his Internet connection for the infringement of third-party content.

This order rejects defendant's assertion. Once Malibu Media's request is tailored as described above, information pertaining to our defendant's alleged history of piracy of third-party content may prove relevant and proportional in light of the circumstances of this case. Nevertheless, if Malibu Media further seeks to serve a subpoena, its motion should affirmatively demonstrate the relevance and discoverability of information  To be clear, however, this is without prejudice to whether or not such documents or information would be admissible at trial. To be further clear, the Court may or may not allow this tactic in other

---

[3] This order further notes that the record does not support defendant's claim that Comcast changes subscriber's IP addresses every six to eight days, only that the assignment expires on that timeframe. In fact, Comcast may renew the assignment after it expired. *See United States v. Vosburgh*, 602 F.3d 512, 523 (3d Cir. 2010) (detailing testimony from a Comcast witness explaining that IP address assignments may be renewed).

5

Malibu Media cases. The Court will see how well it plays out in this case first.

Nevertheless, Malibu Media, which pursues thousands of actions nearly identical to this one all over the country, should have proposed a more precise subpoena in the first instance, rather than requiring defendant's opposition and the Court's intervention to whittle it down to a proper level. Malibu Media's haphazard motion unnecessarily drove up the cost of defending this litigation and wasted judicial resources. Accordingly, this order awards defendant his attorney's fees reasonably incurred in opposing this motion (but not in meeting and conferring following the hearing).

## CONCLUSION

For the reasons stated above, Malibu Media's motion is **DENIED** without prejudice to a renewed motion with a more carefully tailored proposed subpoena. Additionally, defendant is entitled to recover his attorney's fees reasonably incurred in opposing Malibu Media's sloppily-crafted and overbroad motion. An order detailing the procedure for calculating the amount of attorney's fees will follow.

**IT IS SO ORDERED.**

Dated: October 28, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE