Henrik Mosesi, Esq. (SBN: 189672)
Anthony Lupu, Esq. (SBN 226168)
Pillar Law Group APLC
150 S. Rodeo Drive, Suite 260
Beverly Hills, CA 90212
Tel.: 310-999-0000
Fax:  888-667-5482
Henrik@Pillar.law
Anthony@Pillar.law
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 76.126.99.126,<br><br>                    Defendant, | Case Number: 3:15-cv-4441-WHA<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF ANTHONY LUPU AND EXHIBIT THERETO**<br><br>Hearing:  _____ , 2017<br>Time: 8:00 a.m.<br>Courtroom: 8, 19th Floor<br>Before: Honorable William Alsup |

TO DEFENDANT AND ITS ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that on _____, 2017 at 8:00 a.m., or as soon as the matter may be heard in Courtroom 8 of the Federal District Court, San Francisco Division, by the Honorable William Alsup, Plaintiff Malibu Media, Inc. ("Malibu" or "Plaintiff") will move and hereby does move for an order continuing the trial in this matter from the date it is currently scheduled to commence, March 20, 2017, to a date convenient for the Court and the parties, but no earlier than April 24, 2017.  In addition, Plaintiff requests that all trial-related dates be continued based upon a new trial date, including the Final Pre-Trial Conference.  The Motion

will be based on this notice, the memorandum of points and authorities, the declaration of Anthony Lupu in support, the pleadings and records, and such evidence as may be presented at the hearing of the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND BASIS FOR MOTION

Plaintiff, Malibu Media, LLC ("Malibu" or "Plaintiff"), hereby moves for entry of an order continuing trial in this matter from the date it is currently scheduled to commence, March 20, 2017, to a date convenient for the Court and the parties, but no earlier than April 24, 2017. In addition, Plaintiff requests that all trial-related dates be continued based upon a new trial date, including the Final Pre-Trial Conference.

This Motion is based on Plaintiff's recent discovery that its key expert witness, Michael Patzer ("Patzer"), will not be available to testify during the time currently set for trial, and indeed, will not be in the United States. *Declaration of Anthony Lupu*, ¶ 2.  Good cause exists for the continuance, as Defendant and the court will suffer a relatively minor inconvenience as a result of a continuance, whereas Plaintiff would be greatly prejudice if required to try this case without the testimony of this indispensable expert witness.

On Monday, February 6, 2017, Mr. Patzer indicated to Plaintiff's counsel that he willnot be available for trial because he will be moving from his home in Spain to Thailand, and his move will take place in March 2017, during the time of trial.  *Id*.  On February 9, 2017, Plaintiff emailed Defendant's counsel requesting a stipulation to the continuance.  *Id. at ¶ 3*.  Defendant's counsel denied the request. *Id*.  A true and correct copy of this email exchange is attached to the *Declaration of Anthony Lupu as Exhibit "A."*   In response, Plaintiff promptly drafted and filed this Motion.

This Motion is also based on Plaintiff's recent filing of a Motion for Terminating Sanctions. [Docket No. 141].  Plaintiff has definitive proof that Defendant intentionally destroyed evidence by installing new operating systems and used CCleaner on multiple hard drives, all of which occurred <u>after</u> he was notified of suit.  Plaintiff also has definitive proof (in

the form of Defendant's own deposition testimony and Plaintiff's expert report) that he failed to turn over at least two hard drives and additional computer devices that were all in use during the period of infringement.  Plaintiff also has established in its Motion for Terminating Sanctions that Defendant has committed perjury multiple times in this case, from his first responses to written interrogatories all the way through to deposition.

### III.   RELEVANT PROCEDURAL HISTORY AND DATES

On March 11, 2016, this Court issued a Case Management Order, which scheduled a jury trial in this matter for March 20, 2017.

On March 24, 2016, Plaintiff filed its Amended Complaint.

On July 26, 2016, Plaintiff's current attorneys, Pillar Law Group, APLC, were substituted in as counsel.

On February 2, 2017, Plaintiff filed its Motion for Terminating Sanctions. [Docket No. 141].  A hearing on this motion is scheduled for March 9, 2017.

On February 2, 2017, Defendant filed its Motion for Summary Judgment.  Plaintiff's Opposition to Motion for Summary Judgment is due on February 16th, 2017.  Defendant's Reply Brief is due on February 23, 2017.  A hearing on the Motion for Summary Judgment is scheduled for March 9, 2017.  Plaintiff believes that Defendant's Motion for Summary Judgment is wholly without merit and will be denied.

A Settlement Conference is scheduled for March 3, 2017.  A Final Pretrial Conference is scheduled for March 15, 2017.

### II.   LEGAL ARGUMENT

The Court has the discretion to order a continuance of trial and trial-related dates.  Under Rule 40 of the Federal Rules of Civil Procedure, the district courts are authorized to set local rules for scheduling trials.  Fed. R. Civ. P. 40.  Local Rule 40-1 dictates that a continuance of a scheduled trial date may be granted "by order of the Court issued in response to a [noticed] motion."  L.R. 40-1.

The Ninth Circuit articulated the following four-factor test to guide trial courts in exercising their discretion to grant a continuance:

> "First we consider the extent of the [moving party's] diligence in his [or her] efforts to ready his [or her] defense prior to the date set for hearing.  Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted.  Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses.  Finally, we consider the extent to which the [moving party] might have suffered harm as a result of the district court's denial."

*United States v. 2.61 Acres of Land, More or Less*, 791 F.2d 666, 671 (9th Cir. 1986) (*quoting United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985)) (second and third alteration in original).  Here, all four factors favor a continuance of trial and trial-related dates.

### A.    Plaintiff is Prepared for Trial But-For The Unavailability of its Key Expert Witness

As to the first factor, Plaintiff has made diligent efforts to ready its case for trial.  But-for the recent unavailability of Plaintiff's key expert witness, Plaintiff would be otherwise prepared to try its case on the date currently set for trial.

### B.    Plaintiff's Expert Will Be Available to Testify if the Continuance is Granted

As to the second factor, Plaintiff's need for a continuance will be met should the court enter the order.  Postponement of trial will allow time for Mr. Patzer to complete the moving of his residence from Spain to Thailand, and return to the United States to testify at trial.

### C.    Plaintiff Will Suffer Extreme Harm Without the Continuance, Whereas Defendant's Inconvenience Will Be Relatively Minor if Granted

As to the third and fourth factors, Plaintiff will suffer extreme harm detrimental to its ability to prove its case, whereas Defendant will only suffer the frustration of having to reschedule its fact and expert witnesses to a mutually convenient and agreed upon date in the near future.  Plaintiff in no way intends to downplay the inconvenience that the continuance would imposed upon Defendant and the Court.  However, the inconvenience imposed is

relatively minor compared to the prejudice Plaintiff would suffer if made to try its case without its indispensable witness.

As an independent contractor for Excipio GmbH ("Excipio"), Mr. Patzer designed, implemented, maintained, and/or monitored the data collection and recording systems that identified the IP address used by Defendant to infringe Plaintiff's copyrighted material via the BitTorrent protocol.  Mr. Patzer is therefore uniquely qualified to testify regarding the evidence collection process implemented to discover Plaintiff's specific copyrighted titles that were infringed upon by Defendant.  Mr. Patzer is expected to testify regarding the actions Defendant took to illegally procure Plaintiff's content, including Defendant's use of torrent websites that host the infringing torrent files, his downloading of the BitTorrent client, and his use of the BitTorrent client to download and upload pieces of the infringing files to and from his BitTorrent peers.

As the person who designed the system used to discover Defendant's infringing conduct, and the person who actually implemented that system to collect the data proving Defendant's IP address was used to illegally procure Plaintiff's protected content, Mr. Patzer is uniquely qualified to testify regarding Defendant's willful infringement and the process by which it was discovered.  Simply put, Mr. Patzer's testimony is the lynchpin of Plaintiff's case and it is unlikely to stand if removed.

**D.    A Continuance of Trial is in the Best Interests of Judicial Efficiency Because Plaintiff's Motion for Terminating Sanctions Will Dispose of the Case.**

At present, there are other events and Motions to be decided in this matter that may also weigh in favor of continuing trial to a later date, which are as follows:

**1.    Plaintiff's Motion for Terminating Sanctions.**

Plaintiff's Motion for Terminating Sanctions is scheduled to be heard on March 9, 2017.  If Plaintiff's motion is granted, terminating sanctions in the form of a default judgment will result.  Plaintiff has requested that the Court schedule an evidentiary hearing, or appoint a neutral forensics computer expert to ensure the proper adjudication of the motion.

-5-

Plaintiff's motion is based on Defendant's destruction of evidence, concealment of his hard drives, and false statements in his deposition and written discovery responses.  Plaintiff has definitive proof that Defendant intentionally destroyed evidence by installing new operating systems and using CCleaner on multiple hard drives, all of which occurred <u>after</u> he was notified of suit.  Plaintiff also has definitive proof (in the form of Defendant's own deposition testimony and Plaintiff's expert report) that he failed to turn over at least two hard drives and additional computer devices that were all in use during the period of infringement.  Plaintiff also has established in its Motion for Terminating Sanctions that Defendant has committed perjury multiple times in this case, from his first responses to written interrogatories all the way through to his deposition.  If Plaintiff's motion is granted, terminating sanctions in the form of a default judgment will result and a trial will be unnecessary.

Accordingly, judicial efficiency will be served by continuing the trial because Plaintiff believes that the Court will grant the Motion for Terminating Sanctions, and enter default judgment against the Defendant.

### 2.      Defendant's Motion for Summary Judgment.

On February 2, 2017, Defendant filed its Motion for Summary Judgment.  Plaintiff's Opposition to Motion for Summary Judgment is due on February 16th, 2017.  Defendant's Reply Brief is due on February 23, 2017.  A hearing on the Motion for Summary Judgment is scheduled for March 9, 2017.  Defendant's Motion for Summary Judgment is wholly without merit, and Plaintiff believes it will be denied.

### 3.      Plaintiff's Request for Order Granting Comcast Deposition Subpoena.

Also, on September 20, 2016, Plaintiff submitted its Motion for Entry of an Order Authorizing Plaintiff to Serve a Third Party Subpoena on Comcast, requesting certain subscriber information.  On October 28, 2016, this Court issued an Order denying Plaintiff's motion without prejudice.  On December 14, 2016, Plaintiff filed a Renewed Motion for Entry of an Order Authorizing Plaintiff to Serve a Third Party Subpoena on Comcast. [Doc. 117].  If granted,

Plaintiff will notice and take the deposition of Comcast, which will likely obviate the need for

Plaintiff to present a Comcast witness to authenticate documents at trial.

## III.    <u>CONCLUSION</u>

Given the indispensable importance of Mr. Patzer's testimony to Plaintiff's ability to try

and prove its case, and the Motion for Terminating Sanction, and the relatively minor

inconvenience a continuance would impose upon Defendant and the court, the court should

exercise its discretion to continue trial, and all trial-related dates, to a mutually convenient and

agreed upon date no earlier than April 24, 2017, or enter any other and further relief as the Court

deems just and proper.


Dated: February 15, 2017                    PILLAR LAW GROUP, APLC

                                             /s/ *Anthony Lupu*
                                            ANTHONY LUPU, ESQ
                                            Attorney for Plaintiff