Anthony Lupu, Esq. (SBN 226168)
Pillar Law Group APLC
150 S. Rodeo Drive, Suite 260
Beverly Hills, CA 90212
Tel.:  310-999-0000
Fax:  888-667-5482
Anthony@Pillar.law
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 76.126.99.126,<br><br>                    Defendant. | Case Number: 3:15-cv-4441-WHA<br><br>**PLAINTIFF'S MEMORANDUM IN RESPONSE TO THE COURT'S REQUEST FOR BRIEFING RE: TIMELINESS OF MOTIONS**<br><br>**[DE168]** |

Plaintiff, Malibu Media, LLC ("Plaintiff") by and through undersigned counsel, hereby responds to the Court's order dated February 28, 2017 regarding the timeliness of Plaintiff's Motion for Terminating Sanctions, and Defendant's Letter Motion for Terminating Sanctions as follows:

**I.    Relevant Facts Regarding Case.**

On December 2, 2016, Plaintiff took the deposition of Defendant.  The deposition transcript was prepared by December 19, 2016.  From December 15, 2016 to December 30, 2016, the parties exchanged expert witness reports.  Expert Reply reports were due January 6, 2017, and expert discovery cut-off deadline was January 20, 2017.  Dispositive motions were required to be filed by January 26, 2017, and heard 35 days after that deadline, which was March 2, 2017.  The parties

- 1 -

Plaintiff's Memorandum in Response to the Court's Request for Briefing Re: Timeliness of Motions
Case Number: 3:15-cv-4441-WHA

stipulated to extend the Expert reply report for two weeks, to January 20, 2016; to extend the expert discovery cut-off deadline for ten days – to January 30, 2017; and to extend the dispositive motion deadline for one (1) week – to February 2, 2017, with the dispositive motions then being heard by March 9, 2017.  [Document No. 138].

## II.  Legal Standard

"A spoliation motion doesn't need to be filed before the close of discovery. But, it should 'be filed as soon as reasonably possible after discovery of the facts that underlie the motion." *Sherwin-Williams Co. v. JB Collision Servs*., No. 13cv1946-LAB (WVG), 2015 U.S. Dist. LEXIS 87439, at *4 (S.D. Cal. July 3, 2015) citing *Goodman v. Praxair Servs., Inc*., 632 F. Supp. 2d 494, 506 (D. Md. 2009) (collecting cases).  "In *Goodman*, the court held that when evaluating the timeliness of a spoliation motion, the court must consider when the motion is made in relation to when the spoliation is discovered and to when any dispositive motion was filed and to be cautious of motions made on the eve of trial but to consider the explanation of the moving party as to why the motion was not made earlier." *Emery v. Harris*, No. 1:10-cv-01947-JLT (PC), 2014 U.S. Dist. LEXIS 22666, at *17 (E.D. Cal. Feb. 21, 2014).  "Federal district courts have held that an unreasonable delay can render a spoliation motion untimely."  *Brittni Cottle-Banks v. Cox Communs., Inc.*, No. 10cv2133-GPC(WVG), 2013 U.S. Dist. LEXIS 72070, at *45 (S.D. Cal. May 21, 2013)

## III.  Plaintiff's Motion for Terminating Sanctions Was Filed Timely.

Plaintiff filed its Motion for Terminating Sanctions on February 2, 2016. [Doc. No. 141].  The motion for terminating sanctions was filed as soon as practicable given the demands of the case, the availability of the Defendant's deposition transcript on December 19, 2016, the complexity of the motion, and expert discovery.  For example, the following expert depositions were taken by Plaintiff during the time frame between transcript availability and motion filing: (1) Kalman Toth, PhD, Defense expert, January 25, 2017; (2)  Bradley Witteman, Defense expert, January 27, 2017; (3) Michael Yasumoto, Defense expert, January 31, 2017.

### a. Plaintiff's Motion was Made Relatively Soon After Spoliation Was Discovered

Applying the factors set forth above in *Goodman*, the timing of Plaintiff's motion was reasonable. First, Plaintiff's Motion was made within two months of it first learning the extent of spoliation in this case, after reviewing Defendant's deposition transcript. Second, additional information continued to develop as Plaintiff began drafting its Motion for Sanctions. Indeed, it was not until January of 2017 that Plaintiff learned Defendant's employment records contained unexplained inconsistencies. And, as the parties engaged in expert reports, Plaintiff found it was necessary to depose Defendant's experts. Had Plaintiff filed its motion as soon as Defendant's deposition transcript was available, the parties likely would have engaged in additional, supplemental briefing as new facts and arguments came to light, possibly frustrating the judicial process as new spoliation evidence was uncovered during the briefing stages.

### b. Plaintiff's Motion was Not Made on the Eve of Trial

Plaintiff's Motion was not made on the eve of trial, nor was it made after briefing of summary judgment motions. It was made within the dispositive deadline timeline set by the Court.

### c. The Timing of Plaintiff's Motion was Reasonable in light of the Complexity of the Motion

Plaintiff's Motion for Sanctions required a reasonable amount of time to prepare because of the complexity and volume of the spoliation in this case. Defendant's spoliation, suppression of evidence, and perjury did not consist of one or two acts, but instead was on going, involving well over a dozen hard drives, multiple computer systems, hundreds of forum posts, and inconsistent and confusing coverups. Each time Plaintiff would uncover missing hard drives, Defendant would produce more, resulting in further review by Plaintiff's expert. Plaintiff discovered hundreds of forum posts which led to uncovering several undiscovered hard drives. The complexity of Defendant's various hard drives, used in several different computers – some disclosed, some not – (and some with discrepancies over the dates of usage) - coupled with the hundreds of forum posts unraveling the

- 3 -

Plaintiff's Memorandum in Response to the Court's Request for Briefing Re: Timeliness of Motions
Case Number: 3:15-cv-4441-WHA

spoliation and perjury, required significant time, forensic analysis, and attorney review before a proper motion could be brought.   Defendant provided a series of questionable and unconvincing answers and "explanations" in his deposition, all of which needed to be cross checked based on the forensic analysis and forum posts, to fully understand the nature of the perjury and spoliation.

**IV.     Defendant's Letter Motion for Evidentiary Sanctions.**

On December 6, 2016, the Court ordered that Plaintiff produce the "file wrappers" for the copyright applications by December 26, 2016. [Document No. 108].  By December 16, 2016, Plaintiff had produced for each of the works all 1) Copyright Applications; 2) Confirmations of Receipt; and 3) Acknowledgment of Uploaded Deposits; 4) Certified Copies of Registration.  *See Declaration of Anthony Lupu, attached as* **Exhibit "A."**  On December 27, 2016 (December 26, 2016 was a court holiday), Plaintiff re-produced all documents to Defendant, including Bates-stamping the documents. Plaintiff also served its "Supplemental Response to Defendant's Request for Production of Documents", indicating as follows:

> For each movie, Plaintiff produces i) the copyright application; ii) confirmation of receipt; iii) acknowledgement of uploaded deposits; and iv) the certified copies of the copyright registrations on file at the copyright office.
>
> Plaintiff also advises that the depository copies of each film are on file at the copyright office per 17 U.S.C. §705.  Such documents are public records, open to public inspection, and thus, are equally available to the propounding party ….

*See* **Exhibit "B."**

On December 28, 2016, defense counsel indicated that our production was deficient.  Mr. Edmondson stated that if we did not produce "control copies" and "complete filewrappers" by close of business on Thursday December 29, 2016, he would "ask the court for terminating and evidentiary sanctions, including precluding Malibu Media from offering any testimony that the allegedly infringing work are the same or substantially similar to the Works of similar names submitted to the Copyright Office and/or introducing any works at all."  Plaintiff responded with an email the same

- 4 -

date, indicating that we had produced "control copies" on October 4, 2016, and produced the "complete filewrappers" in our possession, which fully complies with the Court order. *See **Exhibit "C"***. No motion for evidentiary sanctions were filed by Defendant at that time.  On January 23, 2017 and February 1, 2017, Plaintiff advised Defendant via email that it had located and would produce 12 of the "depository copies" of the films that were produced by Plaintiff's former counsel, Keith Lipscomb of the law firm Lipscomb Eisenberg & Baker.  *See Exhibit D*. Defendant then sent a letter and email dated February 8, 2017, indicating that Defendant would move for an "exclusion" order, and Plaintiff responded with an email dated February 9, 2017. *See Exhibit E.*

### a. Defendant's "Letter Motion" Is Untimely.

Defendant's "Letter Motion" for terminating sanctions is untimely.  Without addressing any of the substantive issues, Defendant was aware, and threatened to file a "motion for evidentiary or terminating sanctions," on December 28, 2016.  Notwithstanding, Defendant did not file such a motion, and instead waited for a full two (2) months – until February 28, 2017 – to do so.   Applying the Goodman factors, Defendant filed his Motion for Sanctions nearly a month after his Motion for Summary Judgment, two months after he conferred with Plaintiff about the motion, after he served Plaintiff with his motion in limine on the same topic, and just over two weeks prior to trial.

### V. Conclusion.

For the foregoing reasons, Plaintiff respectfully requests the Court find Plaintiff's Motion for Sanctions timely and deny Defendant's Motion for Sanctions as untimely.

Dated: March 2, 2017.

Respectfully submitted,

By: /s/ Anthony Lupu
Anthony Lupu, Esq.
PILLAR LAW GROUP, APLC
*Attorney for Plaintiff, Malibu Media, LLC*

- 5 -

Plaintiff's Memorandum in Response to the Court's Request for Briefing Re: Timeliness of Motions
Case Number: 3:15-cv-4441-WHA

# CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2017, a true and correct copy of the foregoing document was served via U.S. Mail and/or email to the following:

Joseph Curtis Edmondson
Law Offices of J. Curtis Edmondson
Venture Commerce Center
3699 NW John Olsen Place
Hillsboro, OR 97124
Tel: (503) 336-3749
E-mail: jcedmondson@edmolaw.com
*Attorney for Defendant*

Robert S. Robinson
Law Office of Robert S. Robinson
Bishop Ranch 6
2440 Camino Ramon, Suite 253
San Ramon, CA 94583
Email: rob@robrobinsonlaw.com
*Attorney for Defendant*

By: /s/ Anthony Lupu

- 6 -

Plaintiff's Memorandum in Response to the Court's Request for Briefing Re: Timeliness of Motions
Case Number: 3:15-cv-4441-WHA